IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENTRY LEONARD,<br>　#00647348,<br>　　　　PLAINTIFF,<br><br>v.<br><br>BRIAN LONG, ET AL.,<br>　　　　DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:25-CV-2999-N-BK |

ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Plaintiff objected and the court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Doc. 8. Finding no error, the objections are overruled. Therefore, this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and, in the alternative, for failure to state a claim upon which relief can be granted.

I.

On November 18, 2025, the court filed an electronic order notifying Plaintiff that (1) this action appeared duplicative of his other pending case *Leonard v. Thomas, et al.*, No. 3:24-CV-1780-D-BN, and (2) the complaint and supplement did not allege a factual basis or causes of action that stated a claim upon which relief can be granted. Doc. 5 (citing Doc. 3 at 4 (referencing another "complaint" for factual allegations) and Doc. 4 at 2-7 (listing defendants but referencing a second supplemental pleading not yet filed)). The court thus ordered Plaintiff to inform the court whether he intended to proceed with this case by December 9, 2025. Doc. 5.

Because Plaintiff did not respond, the court filed findings and conclusions on December 19, 2025, recommending that this action be dismissed without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b).

In his objection, Plaintiff asserts that the clerk did not properly serve him with a copy of the November 18 order. Doc. 8. He states that the clerk mailed him a copy of the notice of electronic filing but not a complete copy of the order. Plaintiff thus asks for additional time to respond to the court's order.[1]

Upon careful review of the record, the court overrules Plaintiff's objections.

First, Plaintiff concedes receiving a copy of the November 18 notice of electronic filing. Doc. 8 at 2. That notice contained the complete text of the electronic order. Contrary to Plaintiff's belief, the court did not issue a separate order in paper format. The clerk of the court thus properly mailed Plaintiff the notice of electronic filing.

Second, Plaintiff did not timely respond to the November 18 electronic order. In an attempt to excuse his failure to respond, Plaintiff now argues that he "had no knowledge of the magistrate order." Doc. 8 at 3. He is wrong. The notice of electronic filing contained the complete text of the electronic order, as explained, and Plaintiff purposefully failed to respond. His belated attempt to claim ignorance of the order is unpersuasive and lacks any merit.

Third, this action appears to stem from parole matters and Plaintiff sues some of the same Texas parole officers and supervisors as in *Leonard v. Thomas*, et al., No. 3:24-CV-1780-D-BN (N.D. Tex. filed on July 10, 2024), which is pending judicial screening. Apart from conclusory assertions, Plaintiff presents nothing in his objection to show that this action is not duplicative of

---

[1] The objection is considered filed on December 31, 2025, pursuant to the "mailbox rule." Doc. 8 at 4-5. The envelope, however, was not post-marked until January 8, 2026. Doc. 8 at 6.

Case No. 3:24-CV-1780-D-BN. *See* Doc. 8 at 3. *See also Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," and noting courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

This action is therefore dismissed without prejudice for failure to comply with a court order.

## II.

In the alternative, the court finds that Plaintiff's complaint and supplement do not allege a factual basis or causes of action that state a plausible claim. Doc. 3; Doc. 4.

Because Plaintiff is incarcerated and has not paid the filing fee, the court presumes that he is seeking leave to proceed *in forma pauperis*. Thus, his complaint is subject to review for frivolousness under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The plausibility analysis begins with the court's consideration of whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 (noting that Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft to show that the pleader is entitled to relief") (cleaned up). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d).

As relevant here, Plaintiff's complaint does not comply with Rule 8(a). His conclusory statements do not even rise to the level of "threadbare recitals" of the elements of a cause of action. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court recognizes that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[e]ven a liberally construed *pro se* . . . complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

Under the most liberal construction, Plaintiff's complaint and supplement (the only two pleadings filed in this case) fail to satisfy the standard imposed by Rule 8(a). Doc. 3; Doc. 4. Simply put, Plaintiff has presented no factual contentions or causes of actions. Because Plaintiff has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, he has failed to plead a plausible claim. Therefore, this action is dismissed, in the alternative, for failure to state a claim upon which relief can be granted.

\* \* \*

Finding no error, the court OVERRULES Plaintiff's objection and ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. This action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits" unless otherwise specified). In the alternative, this action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

SO ORDERED this 19th day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE